# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KALEB JEVON JACKSON,**

    **Plaintiff,**

vs.                          **Case No. 4:18cv85-MW/CAS**

**LEON COUNTY DETENTION**
**FACILITY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, attempted to file a case in this Court in early February 2018. Plaintiff submitted a civil rights complaint, ECF No. 1, but Plaintiff did not pay the filing fee for this case nor did he file a motion requesting leave to proceed with in forma pauperis status. An Order was entered on April 17, 2018, directing Plaintiff to do one or the other to proceed with this case. ECF No. 4. That Order was returned to this Court as "undeliverable" on April 30, 2018. ECF No. 5. Furthermore, the earlier notice which is sent by the Clerk's Office to pro se litigants was also returned to the Court as undeliverable. ECF No. 3.

It would appear from the two mail returns that Plaintiff has been released from the jail.[1] ECF No. 5. It also appears that Plaintiff has abandoned this case since he has not advised the Court of his current whereabouts. Accordingly, this case should be dismissed for failure to prosecute.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In addition, the local rules of this Court provide that if "a party fails to comply with . . . a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken." N.D. Fla. Loc. R. 41.1. This case should now be dismissed.

---

[1] The complaint indicated that Plaintiff was to be extradited to the State of Mississippi. ECF No. 1 at 10. It is possible that Plaintiff has already been removed from the State of Florida, or that he has been released from detention since he also states that he has "no outstanding warrants or pending charges." ECF No. 1 at 11. At any rate, Plaintiff is no longer at the Leon County Detention Center.

Case No. 4:18cv85-MW/CAS

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a court order.

**IN CHAMBERS** at Tallahassee, Florida, on May 24, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**